UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MISAEL CORDERO, | |
| Plaintiff, | Civ. No. 21-3882 (PGS) (DEA) |
| v. | |
| JOHN DOE, | MEMORANDUM AND ORDER |
| Defendant. | |

**PETER G. SHERIDAN, U.S.D.J.**

I. INTRODUCTION

Plaintiff, Misael Cordero ("Plaintiff" or "Cordero"), is a state prisoner currently incarcerated at the East Jersey State Prison in Rahway, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42. U.S.C. § 1983 related to incidents which occurred while he was incarcerated at New Jersey State Prison ("NJSP"). Previously, this Court granted Plaintiff's application to proceed *in forma pauperis*. (*See* ECF 2).

This Court must screen the allegations of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint shall proceed past screening except for his claim for injunctive relief which is dismissed as moot.

I. BACKGROUND

The allegations of the complaint are construed as true for purposes of screening. Plaintiff names one Defendant in this case, a John Doe Correctional Officer at NJSP.

Plaintiff alleges his legal mail has tampered with, opened, and read outside of his presence on numerous occasions beginning in 2016 at NJSP. However, as Plaintiff makes clear, the facts giving rise to this action concern Defendant John Doe improperly opening and reading his legal mail on two occasions in June, 2019. He further states this John Doe has opened and read other inmates legal mail as well outside of their presence. Plaintiff seeks injunctive relief and monetary damages against Defendant John Doe.

## II.  LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### III.   DISCUSSION

Plaintiff sues Defendant John Doe under the First Amendment for opening and reading his legal mail outside of his presence. A plaintiff may state a First Amendment claim against a defendant who read his legal materials if he alleges that there was a pattern or practice of opening and reading his legal materials outside of his presence. *See Schreane v. Holt*, 482 F. App'x 674, 676-77 (3d Cir. 2012) ("Prisoners may establish a violation of the First Amendment without establishing actual injury where there is a pattern and practice of opening properly marked incoming legal mail outside the prisoner's presence.") (citing *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006)); *see also Thompson v. Hayman*, No. 09-1833, 2011 WL 2652185, at *5 (D.N.J. July 6, 2011) (same). However, absent a pattern or practice, a plaintiff fails to state a claim. *Accord Ortiz v. Prison Bd. Members*, No. 08-2126, 2011 WL 776195, at *4 (M.D. Pa. Feb. 28, 2011) (finding amended complaint failed to state First Amendment claim where there was no assertion that mail was opened outside of his presence pursuant to any pattern, practice or policy); *Hale v. Pennsylvania Dep't of Corr.*, No. 07-0345, 2010 WL 3791833, at *3 (M.D. Pa. Sept. 16, 2010) ("Isolated incidents of opening legal mail outside of an inmate's presence, without any evidence of improper motive, is nothing more than an assertion of negligence, and is insufficient to establish a constitutional violation.") (citations omitted).

Plaintiff has sufficiently stated a First Amendment claim against Defendant John Doe for opening and reading his legal mail outside of his presence to permit his claim for monetary damages to proceed past screening. However, as indicated above, Plaintiff is no longer incarcerated at NJSP. Therefore, his claim for prospective injunctive relief is now moot and is dismissed. *See Williams v. Ann Klein Forensic Ctr.*, No. 18-9606, 2020 WL 614657, at *6 (D.N.J. Feb. 10, 2020) (citing *Alsop v. Fed. Bureau of Prisons*, No. 17-2307, 2019 WL 1437606,

at *3 (M.D. Pa. March 1, 2019) (citing *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (other citations omitted)), *report and recommendation adopted by*, 2019 WL 1429534 (M.D. Pa. March 29, 2019)) ("A prisoner's transfer from the prison complained of generally moots his claims for prospective injunctive relief.")

Furthermore, the summons and complaint cannot be served on an unidentified individual. Plaintiff shall have ninety (90) days in which to submit an identical amended complaint as the original complaint, but that now names the unidentified John Doe. If Plaintiff cannot discover the identity of this John Doe, he may submit to the Court a request for a subpoena under Federal Rule of Civil Procedure 45(c)(2), describing a prison official whom he believes has the ability to produce documents that would identify John Doe, together with any information that would help identify this Defendant, for example, the dates and times Plaintiff alleges his legal mail was purportedly opened and read by this John Doe officer at NJSP.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint shall proceed past screening except for Plaintiff's claim for injunctive relief which is dismissed as moot. Plaintiff shall have ninety days in which to submit an amended complaint that names the unidentified Defendant John Doe.

### ORDER

For the reasons discussed above,

IT IS on this _1_ day of ~~January~~ March, 2022,

ORDERED that Plaintiff's complaint shall proceed past screening except for Plaintiff's claim for injunctive relief which is dismissed as moot due to Plaintiff's transfer to a different facility; and it is further

ORDERED that Plaintiff shall have ninety (90) days in which to submit an amended complaint that names the unidentified Defendant John Doe. If Plaintiff cannot discover the identity of this John Doe, he may submit to the Court a request for a subpoena under Federal Rule of Civil Procedure 45(c)(2), describing a prison official whom he believes has the ability to produce documents that would identify John Doe, together with any information that would help identify this Defendant, for example, the dates and times Plaintiff alleges his legal mail was purportedly opened and read by this John Doe officer; and it is further

ORDERED that the Clerk shall serve this memorandum and order on Plaintiff by regular U.S. mail.

_____
PETER G. SHERIDAN
United States District Judge